# James Mitchell, Plff. in Err., *v.* Alexander L. Mitchell.

Where, on an issue raised by the denial of the plea of payment, the evidence in support of the plea and the opposing evidence are so evenly balanced that the jury cannot determine which preponderates, the defense will fail.

Upon the question of payment of a demand sued on, the burden is on the defendant to establish the alleged payment; and if he fails to establish the execution of receipts of payment alleged by him, the verdict is no evidence that he is guilty of forgery or fraud in regard to them.

Where the plaintiff denies such allegation of payment, no burden is cast upon him to prove that the defendant has committed fraud or forgery in the execution of such receipts, when he does not allege it.

In such case it is erroneous to charge the jury that the burden is on the plaintiff to overcome the receipts by convincing weight of testimony that the defendant procured the receipts from him by fraud.

An instruction to the jury which was misleading, and not corrected in any part of the charge, is ground for reversal.

(Decided November 1, 1886.)

Error to the Common Pleas of Indiana County to review a judgment on a verdict for defendant in an action of assumpsit on a promissory note. Reversed.

December 29, 1881, two judgments were entered in favor of James Mitchell on two single bills, with warrants of attorney to confess judgment, one against A. L. Mitchell for $100 with interest from April 25, 1877, and costs, the other against A. L. Mitchell and James McFeaters for $200 with interest from April 24, 1878, and costs; and executions were issued thereon. Soon after the issue of these executions the defendant, A. L. Mitchell, presented petitions under oath to the court at chambers, specifically stating payment and indicating the manner of such payment and asking that the executions be stayed and the judgments be opened to let the defendant, A. L. Mitchell, into a defense, after paying to the sheriff $156.18, the balance of the $200 judgment, $90 of which he claims to have paid.

A commissioner was appointed to take testimony on these applications; and the court, after argument on the testimony, opened the judgments, the first judgment for $100 entirely and

the second one of $200, as to the $90 which is all that defend-
ant claims was paid. Thereafter defendant put in a plea of
payment, and the cases were tried together before WHITE, P. J.,
in the court of common pleas.

At the trial defendant claimed that the $100 note was en-
tirely paid December 11, 1877, with $103.25 the amount there-
of and interest to that day; and a receipt of that date was pro-
duced purporting and claimed by the defendant to have been
signed by James Mitchell in full of that note. Defendant also
claimed to have paid $90 January 8, 1879. The plaintiff de-
nied that these receipts were genuine and swore that he never
made or signed them, and further that he never received any
money indicated by the receipts or against the notes in suit.

The court, WHITE, P. J., charged the jury, *inter alia,* as fol-
lows:

"There is no intricate question of law here, then, to look into
and discuss to you. The only principle of law involved is one of
common sense and common honesty between man and man. If
these notes have been paid once they ought not to be collected
or paid again. If the receipts are not genuine and the money
claimed by the defendant to have been paid has not been paid,
the plaintiff has a right to his notes and the money they call for,
less $156.18 already paid to the sheriff. The question, then, be-
ing one of fact almost entirely, we shall not indulge in extended
comment upon the facts in the case. The learned and able coun-
sel upon both sides have been indulged in a patient and elaborate
discussion of them in your hearing, which being so recent must
be fresh in your recollection.

"[We shall satisfy ourselves with stating the positions of the
respective parties and the evidence relied on by each to support
them, with an explanation of any principle of law necessary for
you to know controlling any feature of the testimony as we go
along.

"While the defendant sets up actual payment and produces
the receipts, with his own testimony, to show it, yet the plain-
tiff alleges that these receipts are false and forged, and that the
setting them up here is a forgery and a fraud upon him, and
they should be disregarded by the jury.

"It is a familiar principle of law that frauds are not to be
presumed or sustained by mere suspicion, but to be proven, like
other allegations and issues tried in our courts. While the pre-

sumption of innocence prevails to start upon, fraud or forgery or imposition when set up as a defense or ground of interference for relief in our courts, if not proven by direct and positive evidence may be inferred from facts, satisfactorily· proven, which lead to that conclusion. If, then, the facts proven and circumstances naturally connecting themselves around them and flowing from them lead the jury to a conviction or a conclusion in their minds that, surveying the whole of the testimony, the weight of it satisfies them it has been established, that is what is to control them. Hence, in such inquiries, where fraud is set up as substantial ground for defense or relief, considerable latitude has been indulged, by our courts, to inquire into matters which, at first thought, seem to be foreign to the issue trying, but when carefully scrutinized let in some light upon the matter in inquiry. Hence, in this case we have heard considerable testimony about the relations and the various dealings of the parties to this issue to illuminate any dark parts in the pathway of your inquiries and lead you if possible to the clear open day of truth and justice.

"Notwithstanding. fraud may be alleged, yet a jury, in passing upon it through the weight of the evidence, while the proof to establish it is not required to be such as to produce an absolute certainty, yet before a jury can find it they should find that it is established by the weight of the evidence—that the facts bearing upon the case, and the precise issue trying and satisfactorily proven, and the natural inferences from them, lead to the conclusion that the fraud alleged was practised. If a conclusion is thus arrived at through the convincing weight of the testimony, it is the duty of the jury to pronounce it by their verdict, no matter how unpleasant it may be. If the weight of the evidence does not so satisfy the jury, their verdict should be against the fraud set up as a defense or means of relief; and while it is generally difficult, where fraud is set up, to prove it by direct testimony, that is by one who saw it perpetrated, or other equally direct testimony, and while many circumstances when proven can be blended together—can be blended together so as to gain all the force of direct testimony,—yet frauds are not to be established or found by juries upon mere suspicions or imaginings but upon such facts, as we have said, and circumstances, satisfactorily proven on the trial, as convince them of their existence.

"With such general and pertinent thoughts before you and freed from all mere conjectures or suspicions for one side or the other, let us see the facts proven and circumstances relied on by each side to establish their respective positions. After stating these, with you, gentlemen, must rest the responsibility of deciding the issue. While, as we have said, the defendant produces the receipts and has given his own testimony of actual payment, the plaintiff denies it entirely.]"

Plaintiff excepted to that part of the charge in which the court treated the question as one of fraud and put the burden of proof upon the plaintiff, claiming the only question was one of payment, the court upon the plea of payment having given the concluding argument to the defendant.

Verdict was rendered for defendants, upon which judgment was entered; and plaintiff took this writ, assigning as error the portion of the charge embraced in brackets.

*John P. B'air* and *John R. Wilson,* for plaintiff in error.— Cited, 3 Greenl. Ev. § 29 ; 1 Greenl. Ev. § 74; 1 Wharton, Ev. §§ 356, 357.

*John N. Banks* and *Geo. W. Hood,* for defendant in error.— The question of payment we do not think was a close one under the evidence, and it was fairly submitted to the jury by the court, and having been passed upon by them is not a subject for review by the higher court. Jackson v. Summerville, 13 Pa. 370.

It was not error for the court to charge the jury : That frauds are not to be presumed or sustained by mere suspicion, but to be proven like other allegations and issue tried in our courts. Jackson v. Summerville, 13 Pa. 359 ; Kaine v. Weigley, 22 Pa. 179 ; Abbey v. Dewey, 25 Pa. 413 ; Bentz v. Rockey, 69 Pa. 71.

A question of fraud is to be determined by the weight of the evidence. Hiester v. Laird, 1 Watts & S. 245; Young v. Edwards, 72 Pa. 257.

OPINION BY MR. JUSTICE TRUNKEY :

The only issue of record, and the only one tried, was raised by the denial of the plea of payment. Were the evidence in support of the plea and the opposing evidence so evenly balanced that the jury could not determine which preponderated,

the defense would fail. Unless the jury could find affirmatively from the weight of the evidence that the debt was paid, the plaintiff would be entitled to recover.

Upon the question of payment there was oath against oath; the verdict would not convict either party of perjury. If the jury found that the plaintiff executed the receipts they were prima facie evidence of payment; otherwise, no evidence at all. If he executed them, they were not conclusive, for they might be overcome by testimony. But if the defendant failed to satisfy the jury that the plaintiff executed the receipts, it did not follow that he forged them. Nor was a question of fraud raised, except such as exists where a man alleges that he has paid a debt for which he is sued. He may, in truth, allege payment, and yet fail to prove payment to the satisfaction of a jury. Where the plaintiff denies the allegation of payment, no burden is cast upon him to prove that the defendant has committed fraud or forgery. The burden is on the defendant to establish the alleged payment; and whether he suceeds or fails, the verdict is no evidence that he is guilty of forgery or fraud.

The learned judge of the common pleas, after remarking that the defendant sets up actual payment and produces the receipts, with his own testimony, to show it, and that the plaintiff alleges that the receipts are false and the setting them up is a forgery and fraud, thus instructed the jury:

"It is a familiar principle of law that frauds are not to be presumed or sustained by mere suspicion, but to be proven, like other allegations and issues tried in our courts. While the presumption of innocence prevails to start upon, fraud or forgery or imposition when set up as a defense or ground of interference for relief in our courts, if not proven by direct and positive evidence, may be inferred from facts, satisfactorily proven, which lead to that conclusion. If, then, the facts proven and circumstances naturally connecting themselves around them and flowing from them lead the jury to a conviction or to a conclusion in their minds that, surveying the whole of the testimony, the weight of it satisfies them it has been established, that is what is to control them. . . .

"Notwithstanding fraud may be alleged, yet a jury in passing upon it through the weight of evidence, while the proof to establish it is not required to be such as to produce an absolute certainty, yet before a jury can find it they should find that it

is established by the weight of the evidence—that the facts bearing upon the case and the precise issue trying and satisfactorily proven, and the natural inferences from them, lead to the conclusion that the fraud alleged was practised. If a conclusion is thus arrived at through the convincing weight of the testimony, it is the duty of the jury to pronounce it by their verdict, no matter how unpleasant it may be. If the weight of the evidence does not satisfy the jury, their verdict should be against the fraud set up as a defense or means of relief."

All that would have been fitting instruction had it been necessary for the plaintiff, in order to rebut the defendant's case, to establish forgery or fraud. But he had no such task. If the jury could not find from the weight of the testimony that he executed the receipts, it was their duty to reject them as evidence. That the plaintiff's testimony was sufficient to warrant the court to allow the receipts to go to the jury, in nowise relieved them from determining upon all the evidence whether the receipts were given by the plaintiff. The plaintiff asserted no device, trick, or imposition by which he was induced to give the receipts, nor did he pretend that they were obtained from him by fraud. If, indeed, he had in effect conceded the execution, and sought to avoid them for fraud by the defendant, which induced the giving them, the instruction would have been pertinent and free of error.

The portion of the charge assigned as erroneous placed the onus on the plaintiff to overcome the receipts by "convincing weight of testimony" that the defendant procured the receipts from him by fraud. In the absence of testimony that imposition or trick was practised to induce the plaintiff to give the receipts, though he denied the giving of them, under the instruction the jury would consider them as evidence. The charge should have placed the burden on the defendant, to satisfy the jury by the weight of evidence that the plaintiff executed the receipts; if not so satisfied, to throw them out of consideration as evidence; if so satisfied, then consider them as evidence; and that the burden was on the defendant, by preponderance of all the evidence in the cause, to satisfy the jury that the debt was paid.

The assignment of error must be sustained, for the instruction complained of was misleading. The error was not corrected in any part of the charge. Were the instructions not erroneous

as applied to the issue, there would be no ground for reversal. No request was made to the court to instruct the jury respecting the burden of proof, and in absence of such request, what was left unsaid respecting that matter is not a subject for complaint.

Judgment reversed, and a *venire facias de novo* awarded.